## SMALTZ v. McCAUGHN, Collector of Internal Revenue.

### No. 11468.

District Court, E. D. Pennsylvania.
July 26, 1933.

Pierce Archer, Jr., of Philadelphia, Pa., for plaintiff.

E. W. Wells, of Philadelphia, Pa., and T. H. Lewis, Sp. Atty., Bureau of Internal Revenue, and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., for defendant.

KIRKPATRICK, District Judge.

Rebecca Smaltz, now deceased, was assessed and paid additional income tax for the years 1917 and 1918. Having unsuccessfully claimed refunds, her executor brought this suit. The defendant has interposed an affidavit of defense which admits the facts pleaded in the statement of claim but challenges their legal sufficiency.

The additional tax was assessed upon income derived from payments of royalty by a coal mining company under a lease of coal lands made by Mrs. Smaltz's father during his lifetime. The lease and the taxability of the royalties were before the Circuit Court of

Appeals for the Third Circuit in Rosenberger v. McCaughn, 25 F.(2d) 699, 701. The decision in that case was that, whatever the character of the transaction evidenced by the lease might be under the law of Pennsylvania, the royalties were, in part at least, income. As to the method of calculation by which the amounts paid as royalties were to be apportioned between income and capital returned, the court held that, inasmuch as the plaintiff had not in her pleadings or assignments of error questioned the method adopted by the commissioner, it would assume that it was correct. The court pointed out that the method adopted by the commissioner was that which had been approved by the same court as correct in New Creek Company v. Lederer, 295 F. 433. It is true that the court in Rosenberger v. McCaughn suggested that the reason that the payments were part income was that interest on the capital must have been included. But the court nowhere suggests that the method of determining the capital is to subtract interest on deferred payments from the total royalties. On the contrary, the court said, "But when the capital in the proceeds has been determined and set aside the *balance* is income, * * *" and then goes on to approve the method of apportionment by determination of the percentage of capital return included in each installment of royalty.

In the instant case the commissioner determined that the royalties were part income and apportioned them between income and capital according to the method approved in the New Creek Case. Hence, if Rosenberger v. McCaughn and New Creek Co. v. Lederer are still the law of this circuit, the commissioner acted properly and the plaintiff's case fails.

The plaintiff's answer is that Rosenberger v. McCaughn has been overruled by the Supreme Court in Burnet v. Logan, 283 U. S. 404, 51 S. Ct. 550, 75 L. Ed. 1143, and that, as a result of that decision, the entire amount of the royalties (except an allowance for interest on deferred payments) must be treated as a return of capital until their sum has come to equal the value of the coal in place as of March 1, 1913, after which it will all be income. Under this theory, the royalties taxed would be entirely capital (except for deferred interest) because their sum has not yet nearly equaled the 1913 value of the property and the tax would have been illegally assessed.

The plaintiff's contention, however, cannot be sustained. It is quite clear that Bur-

net v. Logan does not overrule or in any way affect the decision in Rosenberger v. McCaughn. In Burnet v. Logan the attempt was to tax part of the price of a sale as income or profit. What the plaintiff owned and sold was not minerals, but stock in a corporation. The corporation in turn owned stock in a second corporation, which second corporation had leased a mine and was taking out ore. It (the second corporation) did not own the land, only the ore which it had taken out and presumably paid the owner for. The price which the plaintiff received when she sold her stock was part cash down and part deferred payments at the rate of 60 cents per ton on the purchaser's share of the coal mined.

If, as counsel suggests, we should disregard the corporate entities standing between the plaintiff and the ore itself, instead of appearing to be on all fours with the present case, Burnet v. Logan will be seen to present a diametrically different state of facts. Adopting the suggestion, and assuming that the mineral rights were the only assets involved, the plaintiff in Burnet v. Logan was in the position of the lessee of the mine, not the lessor. In other words, through the medium of two corporations she had an interest in a contract with the owner of the land. This she sold, and the question was whether she had derived any taxable profit from the sale and, if so, how much. The price for which she sold the contract was partly payable in installments. These installments were to be measured by the amount of ore which the purchaser might mine. Of course, the installments would decrease and possibly cease altogether as the ore becomes depleted. But they would also cease if mining was suspended for any other reason, because the lease did not require production of either maximum or minimum tonnage. In Rosenberger v. McCaughn (and in the instant case) the taxpayer was on the other side of the lease.

The Supreme Court pointed out explicitly that the case did not involve royalties or deductions from gross income because of depletion of mining property, and the court could scarcely have made it clearer that it did not intend to disturb the rule for apportioning royalties between income and capital in cases is which depletion of mining property is involved.

I conclude that the decision in Burnet v. Logan does not touch this case, and that I am bound by the decisions of the Circuit Court of Appeals for this circuit in New Creek Company v. Lederer and Rosenberger v. McCaughn.

The plaintiff concedes that if the method used by the commissioner is applicable at all, the calculations involved are as fair and accurate as can be. The only question raised is as to the use of the method itself. It follows that an amendment will not help the plaintiff.

Judgment may therefore be entered for the defendant upon the demurrer.

NOTE.—I have called the instrument a "lease" throughout this opinion for convenience only. Under Rosenberger v. McCaughn, supra, and Von Baumbach v. Sargent Land Company, 242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460, it does not matter what it is. The point is that the royalties are taxable under the income tax law.